## FREDERICK MISNER v. JAMES H. DARLING.

*Stenographer's notes in evidence—Value may be shown as bearing upon dispute as to terms of contract.*

A stenographer's notes of testimony given on a former trial, are not admissible in evidence if he has not testified to their accuracy or if they are not in some way authenticated.

Testimony given on a former trial by a party whose examination was left incomplete, cannot be introduced in evidence, as a whole, by an adverse party, even though the witness has an opportunity to add to it.

Where the contract price for work is in dispute between the parties to the contract, evidence as to what the work is fairly worth is admissible as bearing upon the probability that one is correct rather than the other.

Case made from Osceola. Submitted October 13. Decided October 27.

ASSUMPSIT. Plaintiff had judgment. Reversed.

*Frank Dumon & J. H. Palmer* for plaintiff. Admissions made by a party on a former trial adverse to his own interest are admissible against him at a later trial of the same case: *Stewart v. First Nat. Bank* 43 Mich. 257; *McAndrews v. Santee* 57 Barb. 193; *Morrison v. Riker* 26 Mich. 387; *McClave v. Maynard* 35 How. Pr. 313; *Tooker v. Gormer* 2 Hilt. 71; *Pickard v. Collins* 23 Barb. 444; a party cannot be injured by proof that does not go farther than his admissions: *Kost v. Bender* 25 Mich. 520; *Fowler v. Gilbert* 38 Mich. 296; where the parties to a contract disagree as to the price agreed on, evidence as to the value or the usual amount paid, is competent: *Swaine v. Cheney* 41 N. H. 232; *Kidder v. Smith* 34 Vt. 294.

*Albert G. Day* for defendant. A stenographer's minutes cannot be read in evidence until he has testified to their accuracy: 1 Greenl. Ev. § 166; 1 Whart. Ev. §§ 177, 180, 514;

*Chess v. Chess* 17 S. & R. 409 ; *Zitske v. Goldberg* 38 Wis. 217 ; *Waters v. Waters* 35 Md. 531; nor if the testimony so taken was not complete : *Noble v. McClintock* 6 W. & S. 58 ; the value of work may be shown where the terms of a contract are disputed ; *McGraw v. Sturgeon* 29 Mich. 427 ; *Moore v. Davis* 49 N. H. 45 ; Abbott's Trial Ev. 305–6 ; Whart. Ev. § 1184.

Cooley, J. When this case was first brought to trial in the court below the plaintiff put in his evidence and rested. The defendant then took the stand as a witness and gave evidence, but before he had concluded, the plaintiff was allowed to amend his bill of particulars and the case was continued. When it was brought to trial again it was taken up anew, and the plaintiff, after putting in some documentary evidence, called the official stenographer, and inquired of him if he had the notes of defendant's testimony taken on the former trial. Being answered in the affirmative, the plaintiff offered these notes in evidence. The defendant asked the witness whether the evidence had been completed before the case was stopped, and the reply was that it had not been. The defendant then objected to the proposed evidence, but the court overruled the objection and the notes were read to the jury.

One fatal objection to this evidence is that the notes were in no manner authenticated. The stenographer did not testify that his notes were an accurate statement of the evidence, nor was he questioned on that subject. Their accuracy was assumed from the mere fact that he was the official stenographer. But there is no law making them evidence generally, nor should there be. The witness does not review the notes, and gross injustice may be done him if their accuracy is assumed. Mistakes, we know, are common and are inevitable, especially when the witness is testifying on a subject with which the stenographer is unacquainted.

But we also think that the objection that the evidence was incomplete was fatal to its introduction. It was offered as a whole, as containing admissions against the defendant's inter-

est. We do not say that particular statements which were in the nature of admissions might not be proved to have been made by the defendant while on the stand, though even these ought to be received with caution and reserve under such circumstances; but when the whole of the incomplete evidence is offered the objection is manifest. We cannot assume that explanations and modifications would not have been given and made, materially changing the apparent meaning, and it is no answer to say that the defendant may now take the stand in explanation, for this is putting him on the defense where no defense may have been required but for the disadvantage at which he is taken, and all explanations will come in with an appearance of being after-thoughts. A suspicion will almost inevitably attach to them in the minds of the jury which would not have attended the same explanations or modifications if given as a part of the original testimony and at the same time with it.

Several other errors are assigned, the most of which we think have no merit. One of them, however, is material, and as it may possibly occur again on a new trial, we mention it now. The contract price for the sawing of lumber was in dispute between the parties; one testifying that it was to be four dollars and the other that it was to be three dollars and a half. As bearing upon the probabilities that he was correct rather than the plaintiff, the defendant offered to show what the sawing was fairly worth; but the offer was ruled out. We think the evidence was admissible. *Campau v. Moran* 31 Mich. 280; *Richardson v. McGoldrick* 43 Mich. 476.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.