## CONSTABLE v. LEFEVER et al.

(Supreme Court, General Term, Third Department. November 22, 1892.)

1. ASSUMPSIT—SERVICES PERFORMED.
   In a suit to recover for services, plaintiff testified that he told defendant that he wanted $1.50 per day for his work, and that defendant said he could not pay so much, but immediately after told him to go to work. Defendant's testimony was to the effect that the agreement between them was for $1.25 per day. *Held*, that a finding that there was no agreement between them, fixing the price, was not error, and that it was proper to allow evidence of the value of plaintiff's services.

2. WITNESS—EXAMINATION—MATTERS ALREADY STATED.
   Where the conversation between plaintiff and defendant regarding the terms of plaintiff's employment has been thoroughly drawn out in the examination of each, the referee may afterwards exclude further evidence as to what was said in such conversation.

3. SAME—BIAS—KNIGHTS OF LABOR.
   Where one of plaintiff's witnesses is a Knight of Labor, evidence as to whether plaintiff was a Knight of Labor is inadmissible to show a bias of such witness in plaintiff's favor.

Appeal from Ulster county court.

Action by Stephen L. Constable against Rufus Lefever and Cornelius I. Lefever to recover for work and services. · From a judgment for plaintiff, defendants appeal.' Affirmed.

One of plaintiff's witnesses was a Knight of Labor, and, in order to show a bias on his part in favor of plaintiff, he was asked on cross-examination, "Have you ever seen Constable [the plaintiff] turn out with the Knights of Labor?" and the question was overruled as being immaterial.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Lawton & Stebbins, (S. L. Stebbins, of counsel,) for appellants.

D. W. Sparling, (William Lounsbery, of counsel,) for respondent.

PUTNAM, J.  The complaint alleges a cause of action for work, labor, and services performed by plaintiff for defendants as copartners, for which they became indebted to him in the sum of $343.50; that only $166.42 had been paid thereon, leaving a balance of $177.80 due the plaintiff.' The answer admitted that plaintiff had performed labor for defendants as copartners, but denied that the indebtedness therefor was the amount stated in the complaint, and also set up two small counterclaims, which were allowed by the referee. The referee found due the plaintiff $141.85. Neither the complaint nor answer has any allegation indicating whether or not there was any agreement between the parties as to the price per day plaintiff was to receive for his services. The questions to be considered by us are whether the exceptions taken on the trial by the defendants, or any of them, required a reversal of the judgment.

The exception to the ruling of the referee allowing the value of plaintiff's services per day to be shown, were properly overruled. The referee, perhaps, could have determined· from the evidence that a contract was made between the plaintiff and defendants as to the price plaintiff was to have for his work; but the testimony was such that he could also properly reach the conclusion that the minds of the parties never met as to the price plaintiff was to have. As plaintiff testifies, the conversation with defendants, preceding his employment, was as follows:

"I made the agreement before I commenced work, with Rufus Lefever. I told him how much I wanted a day. I told him I wanted $1.50 per day. He said he couldn't afford to pay me that. He told me, as we were going out the door, to take the team and go to work."

On cross-examination he also testified:

"Then I told him I would draw the lime at a cent a barrel, or at $1.50 per day by the day. He said he would not give me a cent a barrel; that he thought it ought to be done for a while at $1.25 per day. I said I wouldn't do it for less than $1.50. When we were walking out, he told me to take the team in the morning. I did so."

Defendant testified he was to pay $1.25 per day. This testimony indicates that no sum was agreed upon. It does not show a meeting of the minds of the parties as to the price to be paid. I therefore think that the receipt of the evidence as to the value of plaintiff's services during the time he worked for defendants, and the referee's refusal to find that

there was an agreement fixing the price for such services per day, was not error.

I also conclude that the referee properly sustained the objections to the question, "Did he then promise to pay you $1.50?" The conversation between the parties at the time of the employment of plaintiff had been drawn out by plaintiff, and had also been detailed in defendants' examination by the witness, before this question was asked; and it was within the discretion of the referee whether or not to allow the defendants to go over the matter again.

It was also not error to exclude the evidence offered as to the plaintiff's "being out with the Knights of Labor." This proposed evidence was entirely immaterial, and its exclusion could not have influenced the result.

The referee did not err in refusing to find as a fact the payment of the $5 as requested by the appellant, for the reason that the defense of such payment was not asserted in the answer. I also think the referee, for the reasons before stated, was justified in declining to find, as requested by defendants, that, shortly before plaintiff commenced working for defendants, they agreed upon a price per day, and that such price was $1.25. I construe the referee's note of "Not found," not as a refusal to pass upon the requested finding, but a refusal to find as requested.

For reasons also above stated, I think the referee did not err in holding that no agreement was made between the parties as to the price plaintiff should receive for his services. Whether such an agreement was or was not made, was a question of fact, for the referee to decide. Certainly the testimony given by the plaintiff did not show any meeting of the minds of the parties as to the price; and the referee, relying on plaintiff's testimony, could very well reach the conclusion he did.

The evidence tends to show that plaintiff performed 230 days' work for the defendants, as found by the referee. The plaintiff testified to that effect; and the referee, believing his statement, could find as he did. Also, I do not discover that defendants, on the trial, took the position that some part of the work performed by the plaintiff was done for Lefever alone, and hence was not a legal claim against both defendants. Hence, such an objection to the recovery could not be entertained now. The judgment should be affirmed, with costs. All concur.