## ISAAC BANGHART v. JAMES HYDE.

*Contract of sale—Evidence.*

Plaintiff sued to recover $100, which he claimed defendant agreed to pay him, in addition to surrendering his note for $1,200, as the purchase price of certain property sold defendant. The only dispute was as to the agreement to pay the $100. And

94 MICH.—4.

it is held that it was competent for plaintiff to show that the value of the property was largely in excess of the note, as a circumstance which the jury might consider in determining which of the parties was entitled to belief as to the agreement to pay the $100.

Error to Shiawassee.   (Newton, J.)   Submitted on briefs October 12, 1892.   Decided December 22, 1892.

*Assumpsit.*   Plaintiff brings error.   Reversed.   The facts are stated in the opinion.

*Watson & Chapman,* for appellant.

*John T. McCurdy,* for defendant.

Long, J.   This case was tried in justice's court, where plaintiff recovered a judgment of $100, which was appealed to the circuit court by defendant, and was again tried.

The facts, as claimed by the plaintiff, were that in June, 1889, he purchased of defendant a threshing separator, engine, and some threshing machinery, and gave defendant his note therefor, amounting to $1,200, with interest at 7 per cent., and that he, between the time of making said note and the last Sunday in April, 1891, had paid on said note $500; that on the last Sunday in April, 1891, he owned the property aforesaid, and also had a feed mill, feed grinder, cornsheller, slat saw mill and building, which he operated in the township of Owosso; that on said last Sunday in April defendant came to his house, and proposed to buy him out, and he (plaintiff) agreed to sell out to the defendant all of the property aforesaid, if the defendant would surrender to him his $1,200 note and give him $100, which agreement was accepted, and plaintiff afterwards received his note and the defendant received all the property mentioned, but, when he asked the defendant for

the $100, he denied owing him anything, and refused to pay.

The defendant admitted the transaction as stated by the plaintiff, but denied agreeing to pay the $100.

There was no other person present at the transaction, and the plaintiff, for the purpose of showing the reasonableness of his claim, offered to show by his own testimony what the value of the property transferred by him to defendant actually was. Defendant was also asked on cross-examination what was the value of the threshing machine and all the other property at the time it was turned over to him by plaintiff. These questions were objected to, and the objections sustained by the court. Plaintiff further offered to show that the value of the property was $1,400 or $1,500, which offer was excluded by the court; and no testimony was allowed upon the subject by the trial court, who not only excluded the testimony, but charged the jury specially that they must not consider it. These are the only errors claimed.

We think this testimony competent. If the property largely exceeded in value the note which defendant surrendered, it was a circumstance which the jury had a right to consider in determining which of the parties was entitled to belief. It was an issue squarely made; one testifying that the $100 was agreed to be paid, and the other denying it *in toto*. As was said in *Campau v. Moran*, 31 Mich. 282:

" When the parties were thus distinctly at issue upon the terms of the contract, evidence that the cost of performance of such a contract as the defendant set up would be greatly in excess of the contract price would certainly afford some reasonable ground for believing that defendant is in error on the facts."

This rule was also laid down in *Richardson v. McGoldrick*, 43 Mich. 476, and *Misner v. Darling*, 44 Id. 438.

It follows that the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.