EDWARD SHORT v. ASEL CURE.

*Fraudulent representations—Exchange of lands—Right of action
—Evidence.*

1. Where on an exchange of farms, one of which is incumbered
   by a mortgage, the understanding between the parties is that
   the party to whom the farm is conveyed shall pay the mort-
   gage, and, while he does not agree to do so in such a man-
   ner as to make him liable for such payment, the trade is
   made upon the basis of such understanding, the amount due
   upon the mortgage is a material fact in the negotiation, and
   if it is falsely represented by the mortgagor to be less than
   the sum really due, and the grantee relies upon the repre-
   sentation, a right of action to recover damages for the false
   representation accrues in his favor immediately upon discov-
   ering its falsity; citing *Lenox v. Fuller*, 39 Mich. 268; *Briggs
   v. Brushaber*, 43 Id. 330.

2. Where in a suit to recover damages for the alleged false rep-
   resentations of a mortgagor, made on the exchange of the
   mortgaged premises for other land, as to the amount due
   upon the mortgage, it appears that the plaintiff took the mort-
   gaged premises at their fair value, and at the value placed
   upon them by the defendant, the value of the land conveyed
   to the defendant is immaterial; citing *Snow v. Nowlin*, 43 Mich.
   383, 386.

3. Where, in such a case, the plaintiff claims that the defendant
   represented that there was but $2,500 due on the mortgage,
   when in fact the amount was $3,000, and sues to recover the
   difference, and the defendant claims that he represented the
   latter sum as the amount due, and offers to show, in support
   of his claim, that the value of the mortgaged premises was
   from $4,500 to $5,000, and the value of the land received in
   exchange therefor from $2,000 to $2,250 (the defendant having
   given $700 difference on the exchange), the offer is properly
   refused, such kind of testimony being admissible only in cases
   where the difference in value is so great as to be beyond the
   range of a fair difference in judgment; citing *Banghart v.
   Hyde*, 94 Mich. 49; *Kidder v. Smith*, 34 Vt. 294.

Error to Lenawee.  (Lane, J.)  Submitted on briefs April
6, 1894.  Decided May 22, 1894.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Salsbury & O'Mealey,* for appellant.

*Watts, Bean & Smith,* for plaintiff.

GRANT, J. Plaintiff and defendant exchanged farms. They lived near each other, and each was familiar with the character and value of the other's land. The defendant purchased his in February, 1890, for $4,500, giving back a mortgage for $3,400. He had paid $400. Plaintiff's land consisted of 40 acres. The deeds were executed and delivered January 28, 1892. The deed to plaintiff was subject to the mortgage above mentioned. Defendant executed to plaintiff a mortgage for $700 on the 40 deeded to him by plaintiff. Plaintiff claims that the defendant represented to him that the amount due upon the mortgage was $2,500, whereas in fact $3,000 was due. This is denied by the defendant, who testified that he informed him that there was $3,000 due. This suit was instituted to recover damages for the false representation, and plaintiff recovered verdict and judgment for $500.

1. It is first insisted that plaintiff cannot maintain this action, because plaintiff did not assume or agree to pay the mortgage; that he has not paid it; that the mortgagee may resort to the personal obligation of defendant to pay it; and that plaintiff has therefore suffered no injury. The cases cited and relied upon to support this contention are all cases based upon breaches of covenants of warranty, and are not, therefore, applicable to this case. It is altogether improbable that the mortgagee would abandon his security and look to the personal liability of the mortgagor. Rarely, if ever, does a mortgagee adopt this course. He forecloses his mortgage, sells the security, and takes a personal decree against the mortgagor for the deficiency.

It was unquestionably the understanding between these parties that plaintiff would pay the mortgage. The trade was made upon that basis, and the amount due was a very material fact entering into the negotiation. If the amount was falsely represented, and plaintiff relied upon such representation, his right of action accrued immediately upon ascertaining its falsity. We think this within the principle established by the following decisions: *Briggs v. Brushaber,* 43 Mich. 330; *Lenox v. Fuller,* 39 Id. 268.

2. Defendant made an offer of testimony tending to show that the value of the land deeded to plaintiff was from $4,500 to $5,000, and that the value of the land deeded to defendant by plaintiff was from $2,000 to $2,250. This offer was made for the purpose of sustaining defendant's claim that he represented the amount due upon the mortgage to be $3,000. Such testimony is admissible only in cases where the difference in value is so great as to be beyond the range of a fair difference in judgment. *Banghart v. Hyde,* 94 Mich. 49; *Kidder v. Smith,* 34 Vt. 294. In this case there is no claim that either party was deceived as to the value of the lands, or that any misrepresentations were made in regard to their value. There was no disagreement as to any fact except the amount due upon the mortgage. Forty-five hundred dollars was what defendant had paid for the 60 acres shortly before. He made no claim that it was worth more. The very language of the offer shows that to be its fair value, and that some of the witnesses as to its value would so testify. If some testified that it was worth $4,500 and others that it was worth $5,000, there would exist a fair difference of judgment, and the testimony could be allowed no weight in determining the disputed fact. Since, therefore, plaintiff took these 60 acres at their fair value, and the value placed upon them by the defendant, the value of the 40 acres conveyed to defendant was a matter of no importance,

under the authority of *Snow v. Nowlin*, 43 Mich. 383, 386. But, if the value of the 40 acres were material, it would come within the rule above stated, for the difference between the price agreed upon and the offer made is not so great as to have any legitimate bearing upon the question of the representation.

Judgment affirmed.

The other Justices concurred.