RAYMOND *v.* DAY.

1. EVIDENCE—WITNESSES—CROSS-EXAMINATION.

A general agent of an insurance company who has testified upon direct examination, in an action by a solicitor against him for commissions, that he paid one-half of the commissions on the first premium on certain policies to a third person, may be asked on cross-examination, for the purpose of rebutting the inference to be drawn from his testimony that his agreement with the solicitor called for less than half the first premiums, as to how much annual commissions he is entitled to on policies after the first year.

2. NEW TRIAL — NEWLY-DISCOVERED EVIDENCE — DISCRETION OF COURT.

Refusal to award a new trial for newly-discovered evidence, on the ground that proper diligence to discover the evidence before the trial had not been shown, will not be reversed, unless the record discloses an abuse of discretion on the part of the circuit judge.

Error to Wayne; Hosmer, J. Submitted November 12, 1896. Decided January 5, 1897.

*Assumpsit* by Edwin M. Raymond against John C. Day for commissions on insurance. From a judgment for plaintiff, defendant brings error. Affirmed.

*E. W. Pendleton* (*John Atkinson*, of counsel), for appellant.

*Charles Flowers*, for appellee.

MONTGOMERY, J. Defendant, Day, was the general agent of the Equitable Life Assurance Society of New York. Plaintiff entered into his employment in 1887, under a written contract, as solicitor of insurance. This contract, it would seem, related to insurance effected through the instrumentality of plaintiff alone. Plaintiff claims that during the years of 1887, 1888, and 1889 he assisted defendant in effecting insurance on various lives, upon an agreement to share the commissions received, and that for these items there has never been a settlement and payment by defendant. Plaintiff recovered upon this claim. Defendant entered a motion for a new trial, which was refused, and he brings the case here for review. But two points are presented. One relates to the admission of a single question on the cross-examination of defendant, and the other assignment of error relates to the refusal of a new trial.

1. The plaintiff had testified that Mr. Day and himself had caused insurance to be written upon the lives of Elias Matter, Mr. Wright, and W. O. Hughart, under an agreement that the commissions received upon the insurance were to be divided between the two equally. Defendant disputed this agreement, and testified, in addition, that settlements were made from year to year of the business transactions between the two, and that the settlements were satisfactory. On the direct examination, defendant testified that, as to the insurance written on Mr. Wright, he told plaintiff that, if he could, he would save something for him out of the commissions, and that plaintiff replied that he would be satisfied with that arrangement, and

that he (defendant) paid plaintiff out of the commissions a sum satisfactory to plaintiff. On cross-examination, defendant testified to the amount of the premium on the three Wright policies, stating that it was $1,018.20; that the commission was 35 per cent.; and that Mr. Raymond, under his present claim, would be entitled to 50 per cent.; that he (defendant) paid to one Lancashire $152 of the premium, and to Mr. Raymond $127; and that he (defendant) received $29.30. He further testified without objection as to the amount of his commission on certain other policies, and as to the commission he would receive on renewals. He was asked what kind of policies the Wright policies were, and replied that they were 15-year endowment. He was then asked: "How much annual commission did you get after the first year?" This was objected to, and received subject to exception, and the witness replied, "Seven and a half per cent." This ruling presents the first question in the case. We think the testimony was properly received. It was in dispute between the parties as to whether plaintiff was to receive, under an agreement with defendant, one-half the commission, or the amount paid him. As the testimony stood, defendant's testimony to the effect that he was not to pay more than $127 was fortified by the inference that the jury might draw, that, as he (defendant) had been required to pay $152 to Lancashire, it would be unreasonable to require him to pay substantially all that remained to plaintiff; and, if the fact had been that defendant would have no further concern in the insurance after the receipt of the first premium, the inference to be drawn from this would have been very strong; but, as bearing upon the probabilities, we think the fact that he had a further and other interest in the insurance effected was of some importance, and competent to be considered by the jury. The question is within the principle of numerous decided cases. See *Misner* v. *Darling*, 44 Mich. 438; *Banghart* v. *Hyde*, 94 Mich. 49, and cases cited.

2. After the trial, defendant discovered in his office a letter written him by the plaintiff, which tends strongly to support the defendant's claim of a settlement of accounts in February, 1891. An application for a new trial was made, based upon the discovery of this letter. The case was tried on the 2d and 3d of November, 1894. The testimony of diligence is by an affidavit of Miss Thompson, a clerk in the employ of defendant, who states that, some time previous to the 2d of November, she was instructed by defendant to make a careful and diligent search, and to obtain any correspondence or receipts or other evidence bearing upon any agreement between plaintiff and defendant; that, complying with such instructions, she did make a careful search, as she supposed, of all correspondence of said plaintiff; that subsequent to the 2d of November, in compliance with directions of defendant, she spent the greater portion of four days in the examination and careful reading of the correspondence between the parties; and that, on the 12th day of November, she discovered the letter in question. The ground for refusing the motion for a new trial is not stated in the record, but it is assumed in the briefs of counsel that the circuit judge was of the opinion that proper diligence in the effort to discover the testimony before trial was not shown. We should not feel justified in reversing the action of the trial judge where, as upon such a motion as the present, the matter is committed to his sound discretion, except in a case where a clear abuse of such discretion is shown. We think this is not that case; that there was ample room, in the exercise of judicial discretion, for the circuit judge to entertain the opinion that the defendant had not brought himself within the rule of diligence required to justify a new trial upon the ground of newly-discovered evidence. See 3 Grah. & W. New Trials, 1026 *et seq.*

The judgment will be affirmed.

The other Justices concurred.