SHAKESPEARE *v.* BAUGHMAN.

1. CONTRACTS—MEETING OF MINDS—INSTRUCTIONS.
   In an action upon a contract resting in parol, where the versions of the transaction were so different that the jury might properly have found that the minds of the parties never met on any contract, a charge which conveyed the idea that the minds of the parties did meet, either on the contract alleged in the declaration or the one testified to by defendant, was reversible error, although a requested instruction that, unless the minds of the parties met upon the alleged contract, there could be no recovery, was given in the same connection.

2. SAME—ADEQUACY OF CONSIDERATION — LEGAL SERVICES — EVIDENCE.
   Evidence that the labor performed by plaintiff in obtaining the appointment of a guardian for an incompetent person was light in comparison with the amount which he alleges defendant agreed to pay for his services cannot be adduced by defendant to show an improbability that plaintiff's version of the agreement is correct, but the inquiry, if permissible at all, must be as to the value of the services *contemplated,* taking consideration of the contingencies.

3. SAME—QUALIFICATIONS OF ATTORNEY.
   Evidence that the plaintiff in such action is a lawyer of limited practice and experience is inadmissible on the question of probability, where defendant does not profess to have known anything about plaintiff's qualifications at the time the alleged contract was made.

Error to Van Buren; Buck, J. Submitted June 18, 1897. Decided June 28, 1897.

*Assumpsit* by William Shakespeare against Calvin Baughman for professional services. From a judgment for plaintiff, defendant brings error. Reversed.

*T. J. Cavanaugh* and *Alfred J. Mills*, for appellant.

*Heckert & Chandler*, for appellee.

HOOKER, J.   The plaintiff, a lawyer, recovered a verdict and judgment for professional services, rendered upon an alleged agreement to obtain the appointment of a guardian for an incompetent person for the sum of $700, $100 of which he admitted receiving.   The case went to the jury upon the single question whether the contract alleged was proved.   Counsel for the defendant attempted to cross-examine the plaintiff in relation to the amount and details of the work done.   He also asked the plaintiff if he had tried contested cases frequently in the last 15 or 16 years.   But the court sustained objections to the questions asked upon these subjects.   It is said that this testimony was admissible, upon the question of the probability of the alleged contract.

The court was asked to charge the jury that, unless the minds of the parties met upon the alleged contract, there could be no recovery.   This request was given, but the judge gave the jury to understand that the minds of the parties met upon that contract, or upon the one testified to by the defendant.   What he said was equivalent to saying that there was no opportunity for the application of that rule, and he might as well have omitted that portion of the charge as to thus modify it.   There was evidence of talk that the defendant was willing to pay $200 to have a guardian appointed, and he thought some of the other heirs (of whom there were six) would be willing to do so.   Shakespeare testified that there was a talk of 'an hour or more, and it appears that one of the other heirs was present on one occasion.   We cannot say that there was no opportunity for a misunderstanding, and therefore think that the case should have been submitted to the jury upon that question.   *Constable* v. *Lefever*, (Sup:) 21 N. Y. Supp. 38; *Barney* v. *Fuller*, 133 N. Y. 605.

The defendant sought to show by the cross-examination mentioned that the plaintiff was a lawyer of limited practice and experience, and that the labor performed was light in comparison to the alleged contract price.   As

counsel suggested, this court has recognized the propriety
of permitting a defendant to show known inadequacy
of consideration for the purpose of corroborating a de-
fendant where the parties dispute as to the terms of a
contract.    Thus, in *Campau* v. *Moran*, 31 Mich. 282, it
was said:

"When the parties were thus distinctly at issue upon
the terms of the contract, evidence that the cost of per-
formance of such a contract as the defendant set up would
be greatly in excess of the contract price would certainly
afford some reasonable ground for believing that defend-
ant is in error on the facts.    We can very well conceive
of cases in which such evidence might be very forcible,—
much more so than it could possibly be in this case."

The same view was taken in *Richardson* v. *McGol-
drick*, 43 Mich. 476.    That was a case where the two par-
ties were in conflict as to the terms of the contract, and
Mr. Justice CAMPBELL said:

"In such a conflict of evidence between the only two
persons knowing the facts, corroborating circumstances
may very fairly be regarded."

Counsel cite also the cases of *Misner* v. *Darling*, 44
Mich. 438, and *Banghart* v. *Hyde*, 94 Mich. 49, where
this rule is applied.    It is noticeable that these are cases
where the parties disagreed, and there was no other wit-
ness to the contract; and, as said by Mr. Justice LONG in
the latter case, the evidence bears on the question of
credibility.    It will also be noticed that in *Campau* v.
*Moran, supra*, the right to such testimony is based upon
a conflict of testimony between the parties, and great
inadequacy of consideration.    Mr. Justice GRANT said in
*Short* v. *Cure*, 100 Mich. 420, that "such testimony is
admissible only in cases where the difference in value is
so great as to be beyond the range of a fair difference in
judgment."

While this court has been careful to limit such proof
to cases where there was irreconcilable conflict between
the parties upon the question, which all of those cases

show, it has never distinctly held that such testimony was inadmissible in a case where one of the parties was corroborated by other witnesses to the making of the contract; and we are inclined to doubt that an arbitrary rule of that kind should be laid down. Counsel cite cases which do extend the rule. Thus, in Minnesota it does not seem to depend upon a want of corroborating witnesses. *Saunders* v. *Gallagher*, 53 Minn. 422; *Schwerin* v. *De Graff*, 21 Minn. 354. *Johnson* v. *Harder*, 45 Iowa, 677, seems to imply that great caution should be used in admitting such testimony, but does not limit it to cases where the parties only testify to the terms of the trade, as several witnesses were produced in that case.

The case of *Barney* v. *Fuller*, 133 N. Y. 605, is much such a case as this, where evidence of the value of the services was given; but it does not clearly appear that the value of the services actually rendered, as contradistinguished from those agreed upon, was proved. Here, if this kind of testimony was admissible at all, it would have been competent to show what the value of the services agreed upon was. This was not exactly what the question sought to do, the inquiry being directed to the services actually rendered in accomplishing the promised result. We may take judicial notice that, the contract being to accomplish a certain thing, the services required might depend upon the nature of the opposition; and it is not unreasonable to suppose that parties contracting to secure a certain result in legal proceedings to be commenced would contract with a view to the probable, if not possible, contingencies. Evidence of the value of the services contemplated, taking consideration of the contingencies, rather than of those actually found necessary, would bear upon the question, the latter being likely to throw very little, if any, light upon it. Were the element of uncertainty out of the contract, the services actually rendered and those agreed upon might be the same, and the many cases cited would be applicable. See *Cornell* v. *Markham*, 19 Hun, 275; *Cornish* v.

*Graff*, 36 Hun, 160; *Knallakan* v. *Beck*, 47 Hun, 117; *Sturgis* v. *Hendricks*, 51 N. Y. 635.    The exclusion of the answer to the question asked was not, in our opinion, erroneous.

We attach no great importance to the number of cases that had been tried by the plaintiff.    There is nothing to indicate that the defendant knew anything about his qualifications, but rather that he did not, and therefore the answer, whatever it might have been, would not have increased the probability of the defendant's version.

For the error mentioned, the judgment is reversed, and a new trial ordered.

The other Justices concurred.