COLLINS *v.* SHAW.

SALE—REFUSAL TO ACCEPT—EVIDENCE.

    * 1. It is error to permit a party to introduce in evidence an entry in his books of his version of a parol contract.

    2. Plaintiffs sold to defendants a flock of sheep for $5.10 per 100 pounds. The sole controversy was whether the sheep were to be delivered in merchantable and marketable condition. *Held*, error to permit evidence of the value of the sheep.

    3. It was error to permit plaintiffs to show that the defendants made money in their business, the cost of transporting the sheep to market, and the profits made thereon.

Error to Shiawassee; Smith, J. Submitted June 5, 1900. Decided June 18, 1900.

*Assumpsit* by Bert Collins and William Olney against Arthur Shaw and Bert Holmes for the breach of a contract to buy sheep. From a judgment for plaintiffs, defendants bring error. Reversed.

Plaintiffs were the owners of a large flock of sheep and lambs, which they were feeding on the farm of plaintiff Olney. The defendants, drovers, purchased them. All parties agreed that the price was $5.10 per hundredweight, with a bonus of $5. Plaintiffs claimed that the defendants agreed to take the entire flock "straight;" that is, without condition. Defendants contended that the sheep, when delivered, were to be merchantable and marketable. This was the sole controversy as to the agreement, which rested in parol. Defendants took part of the flock, but refused to take the remainder, because they were not merchantable or marketable. Plaintiffs thereupon sold them, and brought this suit to recover the difference between the contract price and the price for which they were sold, and recovered a verdict and judgment.

---

* Head-notes by GRANT, J.

*John T. McCurdy*, for appellants.

*Seth B. Terry* and *Watson & Chapman*, for appellees.

GRANT, J. (*after stating the facts*). 1. Plaintiff Collins testified that, after the contract was made, he went to his book, and entered it. The court permitted this entry of plaintiffs' version of the contract to be received in evidence, and also permitted plaintiff Olney, who was not present when the bargain was made, to testify that he saw it on the book. This testimony was incompetent. *Weaver* v. *Bromley*, 65 Mich. 212 (31 N. W. 839); *Caldwell* v. *Bowen*, 80 Mich. 382 (45 N. W. 185); *Hodges* v. *Power Co.*, 109 Mich. 547 (67 N. W. 564.).

2. Plaintiffs were permitted to show by witnesses what they considered the sheep worth. This was incompetent. There was no dispute as to price. The case is not one for the application of the rule approved in *Short* v. *Cure*, 100 Mich. 420 (59 N. W. 173); *Shakespeare* v. *Baughman*, 113 Mich. 551 (71 N. W. 874); and other cases.

3. It was error to permit defendant Shaw, upon cross-examination, to be asked the following question: "You have made money in your business?" And also to permit plaintiffs to show what it cost to get the sheep to Buffalo, or what profit defendants made. These things had no legitimate bearing upon the question at issue. They were evidently made use of by counsel in his argument to prejudice the jury.

4. Complaint is made that counsel for plaintiffs, in his argument to the jury, made statements not justified by the record. Inasmuch as the erroneous admission of testimony furnished the occasion for the remarks complained of, we need not discuss them.

Judgment reversed, and new trial ordered.

The other Justices concurred.