MERLAU v. KALAMAZOO CIRCUIT JUDGE.

1. FRAUD—MISREPRESENTATION—VALUE—EXCHANGE.

In an action for deceit and false representations whereby plaintiff was induced to exchange her property for a farm, representations that defendant's farm was worth $4,000, that he had purchased it for that amount, that he had sold the property on a land contract for $4,000, receiving a payment of $1,500, that the buildings were good and the soil productive and the farm was occupied by a family which were cultivating it, being false, sufficiently sustained plaintiff's claim of fraud, and entitled plaintiff to a writ of *capias ad respondendum.*

2. SAME—CONSIDERATION—CONTRACTS.

Nor was the defendant relieved of the consequences of his wrongful act because no default had occurred upon the land contract before plaintiff commenced her action; affidavits establishing that the contract called for nearly three times the actual value of the land tended to show that the plaintiff had been defrauded in the exchange.

3. SAME—RESCISSION—FALSE REPRESENTATIONS.

No rescission or restitution is necessary as a condition precedent to an action for damages for fraud and deceit.

Mandamus by Nellie Merlau against Nathaniel H. Stewart, Kalamazoo circuit judge, to compel respondent to vacate an order quashing a writ of capias. Submitted January 20, 1914. (Calendar No. 25,943.) Writ granted June 1, 1914.

*Lincoln H. Titus,* for relator.

*Jackson & Fitzgerald,* for respondent.

McALVAY, C. J.   Relator asks for a writ of mandamus to be issued against respondent to compel him to set aside a certain order made by him as such circuit judge in a cause pending in said court, wherein relator is plaintiff and Fred A. Herreman is defend-

ant, quashing the proceedings had upon a certain writ of *capias ad respondendum,* discharging defendant from bail and his sureties upon the bail bond.

This action by relator is brought against defendant to recover damages arising from fraud. The answer of respondent and the brief of his counsel in these mandamus proceedings admit that the statement of facts in relator's brief is substantially correct. The charges of fraudulent misrepresentations made by defendant to relator in connection with the transactions hereinafter detailed are not contradicted. Counsel for respondent contend that the truth or falsity of such representations is absolutely immaterial. Under these circumstances, it will be necessary to state only such facts as may be required to show the fraudulent statements, to properly understand the questions involved, as follows: From the affidavits presented upon the application for the writ, and upon which it was allowed, it appears that relator was the owner of a house and lot in the city of Kalamazoo, of the value of $2,500; defendant claimed to own and, as the records in the office of the register of deeds also show, did own, a farm of 80 acres in Portage township, Kalamazoo county. A short time before May 13, 1913, he came to relator, whose property he had theretofore examined, and negotiations began between them as to an exchange of these properties. She charges that he fraudulently and falsely represented to her he had just purchased this farm and paid for it the sum of $4,000; that the property was well worth that amount; that there were situate upon said premises a good house, barn, and other outbuildings; that the soil was good and productive; that there was a man, or family, living upon said farm and working it—all of which representations as to the value of said farm, the amount he paid for it, the quality of the land, that it was being occupied and cultivated, were false and fraudulent. During these negotiations he further

stated to her that he had recently sold this farm on a contract for $4,000, upon which he had received $1,500, and that there was upon it a mortgage given to the original owner for the purchase price, for the sum of $600. Defendant then and there offered relator to deed to her said farm, subject to the mortgage of $600, to assign to her the said land contract, and to pay her $200 in cash, in exchange for her Kalamazoo property.

Relator believed such statements, and, relying implicitly and fully upon such false and fraudulent statements and representations so made by defendant to her, did not go to the said premises or make any inquiry or investigation concerning them, or the value and condition of the same, then and there accepted his offer to exchange properties, being induced to do so by such false and fraudulent representations, which she believed to be true, and on May 13, 1913, she executed and delivered to him a warranty deed of her premises, and on the same date, his wife joining him, defendant executed and delivered to her a warranty deed of this farm, subject to a mortgage of $600, and also subject to the land contract of $4,000, less $1,500 paid thereon, assigned the said land contract to her, and paid her $200. She states that had she known the true condition of the farm, and that the statements and representations of defendant were false and fraudulent, she would not have made the exchange of properties with defendant, received what he deeded to her, or deeded her property to him.

In support of her affidavit, made upon her own knowledge, the substance of which has been given, relator, upon her application for a writ of capias, to show the falsity of defendant's statements to her, presented the affidavit of the original owner of the farm, showing that he sold it to defendant for the sum of $1,000, and no more, of which $400 was paid in cash, and the balance secured by mortgage on the farm for

$600. Also the affidavits of Mr. Titus and Mr. Miller, which show that there were no good buildings upon this land; that the soil was poor and run out; that the farm was largely marsh land; that there was nobody working the land; and that the same had not been occupied and cultivated for seven years previous thereto. Upon this showing a writ of *capias ad respondendum* was issued, and an order was indorsed thereon by respondent that defendant be held to bail in the sum of $1,000. Defendant was arrested upon such writ and gave bail to the officer in the sum required. Later defendant made a motion to quash the proceedings under such writ and to be discharged from such bail and for the discharge of his sureties. This motion was granted upon a hearing, and respondent ordered "that all proceedings had on said affidavit are hereby quashed, the above-named defendant discharged from bail, and said bail bond held for naught and the sureties thereon discharged." The writ of mandamus in these proceedings is sought to compel respondent to vacate and set aside this order.

The record presents but one question to be determined, and that is whether the showing made by the affidavit of relator, and the affidavits annexed to and made a part of it, stated a cause of action and entitled her to this writ of capias. Respondent determined the matter upon the sole ground that there had been no forfeiture of this contract, and relator had not been damnified. The truth of the statements contained in relator's showing made upon the application for the writ are not questioned in these proceedings. Is a cause of action for fraud stated?

By these false and fraudulent statements made by defendant to relator that he had paid $4,000 for the land he desired to exchange for her property, and that his land was worth it, that there were on said premises a good house, barn, and other outbuildings, that the soil was good and productive, that there was a

man or family living upon the farm and working it, upon the truth of which statements she absolutely relied, she, without viewing the premises and without inquiry, was induced to and did deed her Kalamazoo property to him. She swears that, by means of these false and fraudulent statements, she has been damaged and defrauded. Relator, by her affidavit and the supporting affidavits, has stated a good cause of action for fraud. *Pratt* v. *Allegan Circuit Judge*, 177 Mich. 558 (143 N. W. 890).

Attorneys for respondent contend that relator received, as a consideration for her premises, the land contract for $4,000, upon which $1,500 had been paid, and $200 in cash, and the argument is made that this was a valuable consideration upon the face of the papers, and, no default having been made in the payments on this contract, she has not been damaged or defrauded and has no right of action against defendant. There is no force in this contention, as far as these proceedings are concerned. It might possibly be material upon the trial of the case as bearing upon the measure of damages.

In view of the proof presented, showing the true condition and actual value of the premises for which defendant by fraud induced relator to exchange her property, this contract to sell these premises for nearly three times the actual value might well be considered as tending to support relator's contention that she had been defrauded. It was not necessary that default should occur in this contract as a condition precedent to bringing suit for fraud.

It is intimated by counsel that relator has not rescinded the contract and offered to restore what she received. Upon this proposition it need only be said that it is well-settled law that no rescission or restitution is necessary as a condition precedent to maintaining an action for damages arising from false representations and deceit. 20 Cyc. p. 91, and cases

cited; *Wegner* v. *Herkimer*, 167 Mich. 587 (133 N. W. 623). The fraud in this case was completed when defendant, by his false representations, induced relator to deed her property to him, and a right of action then accrued. Petitioner had been fraudulently induced by defendant to part with her property. *Briggs* v. *Brushaber*, 43 Mich. 330 (5 N. W. 383, 38 Am. Rep. 187). The value and condition of this farm was falsely represented by defendant. Relator having parted with her property, relying upon such representation, a right of action accrued immediately upon ascertaining its falsity. *Short* v. *Cure*, 100 Mich. 418 (59 N. W. 173); *First Nat. Bank of Ovid* v. *Steel*, 146 Mich. 308 (109 N. W. 423). None of these authorities are disputed, and counsel for respondent cite no authorities supporting their contentions. The motion to quash the proceedings should have been denied.

A peremptory writ of mandamus will issue against respondent to compel him forthwith to set aside the order made and entered by him quashing the proceedings and discharging defendant from bail in the cause pending in the circuit court, Kalamazoo county, wherein relator is plaintiff and Fred Herreman is defendant, and to proceed in due course to hear said cause upon its merits. Relator will recover costs of these proceedings against Fred A. Herreman.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.