## No. 9211.

### WESTON v. WILKES.

1. EVIDENCE—*Self Serving Declarations—Book Entry.* Where the terms of a parol contract are in question an entry in the day book of one of the parties is inadmissible to establish his contention.

2. —— *Secondary Evidence—Copy of Writing.* To receive in evidence a copy of a letter alleged to have been written by plain-

tiff to the defendant, without sufficient notice proved to produce the original, is error.

*Error to Fremont District Court, Hon. James L. Cooper, Judge.*

Messrs. JEFFREY & STINEMEYER, for plaintiff in error.

Mr. JAMES T. LOCKE, Mr. JOSEPH H. MAUPIN, for defendant in error.

Opinion by Mr. Justice Allen:

THE plaintiff below, an attorney at law, brought this action against the defendant to recover a sum alleged to be due under a parol contract for professional services. The complaint alleges, in substance, that the defendant employed plaintiff to bring and conduct a suit for the foreclosure of a deed of trust, and agreed to pay plaintiff the sum of $500 for such services, that the services were performed, and that there remains due under the contract the sum of $400.

The defendant filed an answer admitting the employment and the performance of the services, but denying such agreement for compensation as pleaded by the plaintiff. In a cross-complaint the defendant alleged, in substance, that the plaintiff was employed by defendant to foreclose a certain deed of trust and was to receive for his services the sum of $500, to be paid by defendant, and the further sum of two-fifths of the amount that should be allowed by the court in the foreclosure suit to the trustee, as counsel fees; that in consideration of the payment of the sum of $500, the defendant was to receive the remaining three-fifths of the amount allowed to the trustee; that at or about the time of the agreement the defendant paid plaintiff $100; that upon the final disposition of the foreclosure suit the court allowed the sum of $1,000 to the trustee as counsel fees; that this sum was received and retained by the plaintiff; that the defendant was and is entitled to receive three-fifths of this amount, less $400 due to plaintiff; and that, by the terms of the agreement, the plaintiff owes the defendant, as a balance due, the sum of $200.

To the cross-complaint the plaintiff filed a general denial. Upon trial, before a jury, the issues were found in favor of the plaintiff. Thereafter, a motion for a new trial being overruled, judgment was entered upon the verdict. The defendant brings the cause here for review. The errors assigned relate to the admission in evidence, over the objections of defendant, plaintiff's exhibits "A" and "J."

Exhibit "A" was identified by the plaintiff as his "day book" containing the entries made at the time of, and concerning, the transaction with defendant. Exhibit "A," as the same appears in the record, is in the following words and figures:

"1912—January 17—A. A. Weston—500 dollars—to services—500 dollars—his part of fee agreed in suit of R. G. Co. and in addition I get such fee as allowed by court." ·

"(Same date.) Cash 100 dollars—to A. A. Weston—retainer by A. A. Weston as above and his payment on account."

Prior to the identification of Exhibit "A" the plaintiff testified fully as to the terms of the contract alleged by him to have been made. The exhibit in question was not used or offered for the purpose of refreshing the recollection of the witness. Under these circumstances it was evidence made by himself in corroboration of himself. *Weaver v. Bromley,* 65 Mich. 212, 31 N. W. 839.

The book entry, or the day book, as introduced in evidence, contained, in addition to the debits and credits, the plaintiff's own version of the contract. He designates the $500, written in the entry, as the defendant's "part of the fee," and in the same memorandum adds the words, "and in addition I get such fee as allowed by the court." The foregoing memorandum included in, or attached to, the entry rendered Exhibit "A" inadmissible. "It is improper to permit a party to introduce in evidence an entry in his books showing his version of a parol contract." 3 Jones (Blue Book) on Evidence, sec. 568, citing *Collins v. Shaw,* 124 Mich. 474, 83 N. W. 146, and *Batcheller v. Whittier,* 12 Calif. App. 262, 267, 107 Pac. 141.

In *Batcheller v. Whittier, supra,* the action was to recover compensation for legal services. The plaintiff offered an account book containing the entry, "agreed fee to be one-half." The court said that such an entry is a mere memorandum of a special contract and had no proper place in an account book, citing 2 Wigmore on Ev., sec. 1541. In *Stidger v. McPhee,* 15 Colo. App. 252, 256, 62 Pac. 332, it was said that a book entry can not be used to prove a special contract.

Exhibit "A" was clearly inadmissible under the foregoing authorities, and under the rule stated in 17 Cyc. 380 that "books of account  *  *  * are inadmissible to prove the terms or contents of a special agreement." Cases on this point are collected in 17 Cyc. 380, note 52, and subsequent annotations; 52 L. R. A. 711; 138 Am. St. Rep. 470; 2 Wigmore on Evidence, sec. 1541, and note; and 2 Enc. of Evidence, 658.

Exhibit "J," offered and received in evidence, was a carbon copy of a letter purporting to have been written by the plaintiff to the defendant concerning the transaction involved in the instant case. There was no sufficient notice given for the production of the original. No foundation was laid for the introduction of the carbon copy instead of the original. The admission of this evidence was clearly error under the rule announced in *Young v. U. S. Bank and Trust Co.,* 27 Colo. App. 331, 148 Pac. 919.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed.*

Chief Justice Hill and Mr. Justice Bailey concur.