RONCZKOWSKI *v.* JOZWIAK.

1. EXCHANGE OF PROPERTY—FRAUD—RESCISSION—CONDITION PRE-
CEDENT.
   In a suit to set aside an exchange of land on the ground
   of fraud, where plaintiffs tendered back to the agent
   who negotiated the deal a deed to the land and the
   money they had received and demanded back a deed to
   their land, and their counsel wrote defendants informing
   them of the rescission with offer to return the property
   and money received and asking for a deed to plaintiffs'
   land, *held*, that plaintiffs did all that was necessary to
   do as a condition precedent to bringing suit.[1]

2. EQUITY—JURISDICTION—FRAUD.
   Plaintiffs' proofs *held*, sufficient to make out a case of
   fraud and deceit, entitling a court of equity to decree the
   transaction void.[2]

3. SAME — EQUITY ACQUIRING JURISDICTION WILL RETAIN IT TO
ADMINISTER RELIEF.
   A court of equity having acquired jurisdiction to declare
   an exchange of property void for fraud, will retain it
   to administer such relief in the matter as the situation
   then permitted.[3]

4. EXCHANGE OF PROPERTY—FRAUD—RESCISSION—WHEN SUIT MAY
BE BROUGHT.
   Where plaintiffs received a land contract as part of the
   consideration in a fraudulent contract for an exchange
   of property, it was not necessary that default should
   occur in said contract as a condition precedent to their
   bringing suit for the fraud, since their right to do so
   arose when the fraud was committed, restitution offered,
   and notice of rescission given.[4]

5. HUSBAND AND WIFE—DECREE AGAINST WIFE JUSTIFIED WHERE
SHE PARTICIPATED IN PROCEEDS OF FRAUD.
   Where a wife joined her husband in deeding land to
   plaintiffs in a fraudulent contract for an exchange of

[1]Cancellation of Instruments, 9 C. J. § 104; [2]Id., 9 C. J. § 195;
[3]Id., 9 C. J. § 210; [4]Id., 9 C. J. § 25.

property, was a party to assurances given by her husband to plaintiffs that it was all right, and participated equally with her husband in the proceeds of the fraud, a decree against her as well as against her husband was justified, although he was the active and principal offender.[5]

Appeal from Wayne; Mandell (Henry A.), J.   Submitted January 20, 1925.   (Docket No. 54.)   Decided April 3, 1925.

Bill by Antoni Ronczkowski and another against John F. Jozwiak and others to set aside an exchange of real estate on the ground of fraud.   From a decree for plaintiffs, defendants Jozwiak appeal.   Affirmed.

*Schmalzriedt, Frye & Granse,* for plaintiffs.

*Joslyn, Joslyn & Joslyn,* for appellants.

STEERE, J.   Plaintiffs are husband and wife as are also defendants John and Frances Jozwiak.   John Jozwiak is in the real estate business and resides in Bay City.   Defendant Wiechowski is also in the real estate business and resides in the city of Detroit.   Defendant Ignasiak is grantee from Jozwiak and wife of a house and lot in Detroit title to which was secured by them from plaintiffs in a deal which is the subject of litigation in this case.   Plaintiffs are a middle-aged, ignorant, illiterate Polish couple who can neither speak, read or write the English language.   They had been in Detroit 12 years.   They bought a lot in Detroit not far from the Dodge automobile factory and built a small house of four rooms and a bath upon it, occupied it as their home and eventually held clear title to it.   They decided to offer it for sale at $3,500 and Ronczkowski so informed defendant Wiechowski, who was pointed out to him by an acquaintance as a real estate agent.   Wiechowski replied that he did

---

[5]Husband and Wife, 30 C. J. § 808 (1926 Anno).

not take much property to sell and Ronczkowski did not, as he testified, go to see him again, although in one part of his testimony he said he authorized him to sell it.    On Thursday thereafter Wiechowski went to the place and saw it but did not find Ronczkowski at home.    On the following Saturday he and defendant John Jozwiak visited the place, looked it over and entered into negotiations with plaintiffs which culminated in an agreement for plaintiffs to exchange their home for a land contract on 160 acres of land called a farm located in Oscoda county, which Jozwiak represented was near Bay City and had been sold by him under contract to a man named Thomas for $4,800, $1,000 paid down and the balance of $3,800 in deferred payments according to the terms of the land contract which he had given.    The deal was consummated by Jozwiak paying to plaintiff $324 in cash and he and his wife giving a deed of the 160 acres of land to plaintiffs subject to the contract, while plaintiffs deeded to Jozwiak and his wife a clear title to their home in Detroit.

Plaintiffs soon filed this bill to set aside the transaction, claiming they were induced to enter into it by fraud and misrepresentation, particularly of Jozwiak and Wiechowski.    Defendants answered in denial and the case when at issue was heard before the circuit court of Wayne county, in chancery, upon pleadings and proofs taken in open court.    The court filed an opinion that "the evidence clearly established a studied and practiced fraud upon plaintiffs by defendant Jozwiak" and that plaintiffs were entitled to the relief asked, so far as it was in the power of the court to grant.    But the Jozwiaks having mortgaged and sold the house and lot in controversy the parties could not be restored to *status quo* and the court awarded plaintiffs a money decree against Jozwiak and wife for damages amounting to $2,802 with interest at 5 per cent. per annum from September 12, 1921, at which

time the fraudulent deal was consummated, requiring that upon payment thereof plaintiffs re-convey to Jozwiak and his wife the 160 acres of land in Oscoda county.

Plaintiffs claim, and testimony is positive that while the negotiations were pending between the parties they more than once requested an opportunty to see the farm upon which the land contract offered them was given, but were told by Jozwiak and Wiechowski that was absolutely unnecessary as they were not buying the farm but only buying a contract for a farm, something which was in itself perfectly good.   Relying upon these assurances plaintiffs never saw the 160 acres covered by the land contract traded to them. All the parties were of Polish nationality and the deal was conducted in that language.   During the negotiations they were assured by Jozwiak that the 160 acre farm was near Bay City, of good quality, worth much more than the amount yet due on the contract, that the man to whom it was sold had bought it for himself and was cultivating it at that time.   Relying upon these statements and the impelling assurances of their fellow-countrymen Jozwiak and Wiechowski that plaintiffs could rely on them, everything was all right and the contract safe, they finally agreed on terms of sale.   On the day the contract was closed Wiechowski came with Jozwiak and his wife to plaintiffs' home with an automobile and took them to Wiechowski's office where they signed a preliminary agreement, and later took them to the office of a Polish attorney who had prepared papers which they executed and the contract was concluded. On the way Jozwiak and his wife talked assuringly to them and said "the land is very good and worth a lot—you folks should not be afraid."

Jozwiak lost no time in having his deed of plaintiffs' home recorded, then promptly mortgaged it for $1,500 and sold it subject to the mortgage to defendant

Ignasiak.   Shortly after the deal was made Mrs. Ronczkowski told a neighboring Polish woman, Mrs. Holke, about their deal.   She could talk, read and write English and in former years lived in Bay City where she knew Jozwiak as an undertaker.   That interview resulted in her going with Mrs. Ronczkowski as an interpreter to find Thomas, the named grantee in the contract, at an address in the Hodges building previously stated by Jozwiak, but they were unable to locate him.   Further inquiry led to their learning that the land described in the contract was far from Bay City, located in Oscoda county and, so far as they could learn, of little or no value.   They then went with Mrs. Holke and made known their grievance to Wiechowski to whom they had paid $126 commission, who had brought Jozwiak to them and vouched for him, and tendered back the deed of the property and the money they had received and demanded back the deed of their home.   He refused to have anything to do with them and, as they testify, profanely ordered them out of his office.   They thereafter employed counsel who secured the address of Jozwiak and wife and wrote them with notice of what had been discovered and done and of plaintiffs' rescission with offer to return the property transferred to and money received by them for a deed from Jozwiak and wife of their home, and asking for reply.   Jozwiak admitted receiving this letter, but did not answer it.

Claud Postiff, a civil engineer experienced both in farming and engineering and surveying land, located and examined the 160 acres described in plaintiffs' deed from the Jozwiaks.   He found it uncultivated, unoccupied, unimproved, the soil of the whole 160 acres poor, sandy soil with very little loam and worthless for farming, saying:   "The only vegetation on the land at all was a little trailing arbutus, scrub pine, * * * very scattered * * * not suitable for timber."

This bill was filed within two months after the deal was made, claiming false and fraudulent inducement by defendants, rescission, tender back, etc., asking restoration of the parties to *status quo* if possible or damages in lieu thereof. On the proofs defendants make absolute denial that plaintiffs ever suggested a desire to see the land, or that they ever made any false representations to them as to its location, quality or condition. On the issues of fact we find no occasion to disagree with the conclusions of the trial court.

For the defense it is urged that there was no valid rescission or tender of restoration by plaintiffs. On the part of plaintiffs it is first contended that while Wiechowski ostensibly acted as their agent and they paid him a commission he was in fact also acting as agent for Jozwiak and joined with him in the false representations and advice that there was no occasion to see the land because they were not buying it, but only a contract for payment of money, directly against their interests and to help Jozwiak put the deal across. Though posing as a real estate agent, Wiechowski's so-called office was a sewing machine store he was running, having no real estate sign there to indicate that branch of his activities. Jozwiak admitted a passer-by could not readily locate it, and says he did not know Wiechowski before this deal but got in touch with him "by just casually dropping into his office." Wiechowski said Jozwiak had left the land contract with him some time before he talked with Ronczkowski. The testimony of plaintiffs is persuasive of a double agency concealed from plaintiffs. The rescission and tender to him was followed by the unanswered letter of plaintiffs' attorney to Jozwiak stating the situation as claimed and offering restitution. Plaintiffs did all that it was necessary to do as a condition precedent to bringing suit. *Cox* v. *Holkeboer,* 200 Mich. 86.

Defendants' contention that the equity court was without jurisdiction is not well founded. Plaintiffs made out a case of fraud and deceit entitling the court to decree the transaction void, which it did. Having thus acquired jurisdiction, the court retained it to administer such relief in the matter as the situation then permitted. *Berger* v. *Roe,* 179 Mich. 184; *Mulheron* v. *Koppin Co.,* 221 Mich. 187; *Koontz* v. *Bay Circuit Judge,* 224 Mich. 463.

The further defense is urged that, "plaintiffs were not purchasing land, but a debt secured by a land contract" and they therefore cannot recover in the absence of proof that the contract was not valid and "would not be paid according to its terms." The contract showed a payment by the grantee Thomas of $1,000, which Jozwiak said was paid by an assignment of an equity in some lots in the village of Milan, Michigan, but did not show the value of that equity. At the time of the hearing some $1,700 was due on the contract. Thomas was not in evidence at the hearing and no claim was made that he had ever made, or offered, any payments on the contract to any one. After discovering the fraud no duty rested upon plaintiffs to wait until payments fell due. The right of action arose when the fraud was committed, restitution offered and notice of rescission given. It was not necessary that default should occur in this contract as a condition precedent to bringing suit for fraud. *Merlau* v. *Kalamazoo Circuit Judge,* 180 Mich. 393.

It is urged that the court was in error in granting a decree against Mrs. Jozwiak also, as she was an innocent party and the court found that her husband was the only defendant guilty of fraud. While he was the active and principal offender, she joined him in the deed of the 160 acres to plaintiffs, was present and a party to the assurances given by her husband that it was all right, at the time they were together

in the automobile going to close the deal, and participated equally with her husband in the proceeds of the fraud, the deed of plaintiffs' home being taken in their joint names as tenants by entireties.

The decree is affirmed, with costs to plaintiffs.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.