## DANIEL WEAVER v. HENRY BROMLEY.

*Promissory note payable to bearer—Action by one copartner—Disclaimer of interest—Memorandum of party as evidence.*

1. A member of a firm brought suit on a note payable to bearer, and indorsed by the payee in blank. On the trial his copartner testified that the note was bought with copartnership goods, which were not charged to the *individual* account of the plaintiff, but that the witness did not claim any interest in the note at any time.

    *Held,* that the court erred in instructing the jury that, if they found the note was owned by the copartnership, plaintiff could not recover.

2. On the trial of a suit against an indorser of a promissory note, the parties differed as to the date of notice of dishonor. The defendant was allowed to testify that on receiving the notice he made a memorandum upon the envelope in which it was inclosed of the date of its receipt as postmarked on such envelope, which memorandum was received in evidence, against plaintiff's objection. The witness had a clear recollection of the date, and did not desire the memorandum to refresh his recollection, nor was it used or offered for that purpose.

    *Held,* that the memorandum should not have been received in evidence, being no more admissible to corroborate defendant than his oral statements to the same effect, made to a third party on the day of its date, would have been.

Error to Oceana. (Russell, J.) Argued February 8, 1887. Decided February 15, 1887.

Assumpsit. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*James Brassington,* for appellant.

*L. G. Rutherford*, for defendant.

MORSE, J. The plaintiff sued the defendant in justice's court in assumpsit upon a promissory note as follows:

"$50.        HESPERIA, MICHIGAN, April 28, 1885.

"Nine months after date I promise to pay to the order of Henry Bromley, or bearer, fifty dollars, at seven per cent. interest. Value received.

"ALPHONZO C. GOWELL."

This note was indorsed on the back: "H. BROMLEY."

The defendant pleaded the general issue, and filed an affidavit alleging that the note had been altered since he indorsed it, and that he did not sign it as it then appeared. He also denied in said affidavit that he had ever received any notice of the dishonor, protest, or non-payment of the note since it matured. Upon an appeal to the circuit court for the county of Oceana, and a trial there had upon the issue joined in justice's court, before a jury, the verdict and judgment were in favor of the defendant.

The alteration claimed in the note was the insertion of the words "or bearer." The court correctly instructed the jury that such change, if made, was not a material alteration, and would not avoid the liability of the defendant upon the note.

Upon the trial the wife of the plaintiff testified that she was an equal copartner of her husband in the store kept by him,[1] and that the note in suit was purchased with goods out of the store, and charged to partnership account, and no charge was made to her husband, the plaintiff, to his individual account, of the goods exchanged for the note.

The counsel for defendant then asked her this question:

"Q. The note being bought with the goods out of the store in which you are a part owner, don't you think you are a part owner in the note now?

---

[1] See *Artman v. Ferguson*, 40 N. W. Rep. 907, holding that such a partnership cannot exist.

"*A.* Taking that view of it, Mr. Rutherford, perhaps I may be. I am a partner in the store and goods."

On redirect examination she testified that she never claimed any interest in the note,—did not claim any interest in it when suit was brought, and did not claim any interest in the note at the time she was testifying. Notwithstanding this disclaimer, the court submitted the question of the ownership of the note to the jury, and instructed them that, if they found it was owned by the copartnership, the plaintiff could not recover. This was clearly erroneous.

In regard to the dishonor of the note, and the proceedings taken to fasten the liability for its payment upon the defendant, William Tiffany testified that he made a demand for payment upon Gowell, the maker, at his residence, on Saturday evening, January 30, 1886, at 7 o'clock P. M. On the same night, about 11 o'clock P. M., he deposited the notice, directed to defendant, in the post-office at Hesperia.

The notice received by defendant was dated January 30, 1886, and stated that demand was made upon that day and refused. The defendant claimed that he received this notice on the twenty-ninth day of January, 1886, one day too early, and that the envelope directed to him inclosing said notice was postmarked January 29. He testified that at the time he received it he made the following memorandum upon the envelope:

"I received the within on the twenty-ninth day of January, 1886, as postmarked on the face of this envelope."

The envelope and memorandum were received in evidence, against the objection of plaintiff's counsel.

It was a material issue on the trial whether this notice was received on the twenty-ninth or the thirtieth, and the court instructed the jury that, if they found the twenty-ninth to be the day it was received, the plaintiff could not recover.

The postmaster at Hesperia testified that he thought the letter was put in on the twenty-ninth, but had no independ-

ent recollection of the date outside of the stubs and records of postal orders and postal notes issued on the thirtieth, which stubs and records did not bear the postmark like the one on the envelope. On cross-examination he stated that he did not stamp the dates on the stubs and records; they were written in with a pen. The envelope might have been stamped, and the date on the stamp not been changed from the day before.

The memorandum should not have been admitted in evidence. The witness had a clear recollection of the date upon which he received the notice, and did not desire or need the memorandum to refresh his recollection, and it was not used or offered for that purpose. It was introduced and received as original evidence in corroboration of his own statement. It was evidence made by himself in corroboration of himself. It was no more admissible than would have been his oral statement to the same effect made on that day to a third party.

The judgment must be reversed, and a new trial granted, with costs to plaintiff.

The other Justices concurred.