## STABLER v. CLARK.

1. APPEAL AND ERROR — REVIEW — PLEADINGS — SUFFICIENCY — AMENDMENT.

On appeal from a decree granting foreclosure of a mortgage, an objection to the consideration of evidence tending to show a payment, on the ground of lack of affirmative averments in the answer, is not sustained, where the answer, fairly interpreted, raises the issue, the case was tried on the merits, permission was asked to amend the answer, and there is nothing indicating that the court below would have refused permission to amend if defendants' contention had been sustained.

2. EVIDENCE — BOOK ENTRIES — SELF-SERVING DECLARATIONS — HEARSAY.

On a bill to foreclose a mortgage, the answer claiming payment, entries in a diary kept by defendant wife, reciting a payment claimed to have been made by defendant husband, as to which the wife had no knowledge except as informed by her husband, the entries not being relied upon to refresh recollection, are not admissible.

3. APPEAL AND ERROR — EVIDENCE — CONSIDERATION — CHANCERY CASE — INADMISSIBLE EVIDENCE.

On appeal from a decree granting foreclosure of a mortgage over defendants' claim of payment, an objection that the court did not give full weight to evidence presented in the form of entries in a diary kept by defendant wife, is untenable, the entries not being admissible.

4. SAME — REVIEW — QUESTION OF FACT — CONCLUSIVENESS OF FINDING.

A decree granting foreclosure of a mortgage notwithstanding defendants' claim of payment, the evidence being in sharp conflict, and the case being one in which the manner of the witnesses is likely to aid the court in arriving at a correct conclusion, is affirmed, the court not being able by any fair analysis of the evidence to reach a conclusion other than the one reached below.

Appeal from Ingham; Wiest, J. Submitted November 9, 1908. (Docket No. 123.) Decided November 30, 1908.

Bill by Charles F. Stabler against Andrew C. Clark and Gertrude Clark for the foreclosure of a mortgage. Defendants filed an answer in the nature of a cross-bill praying for a discharge of said mortgage. From a decree for complainant, defendants appeal. Affirmed.

*Charles F. Hammond* ( *Rollin H. Person,* of counsel ), for complainant.

*L. B. Gardner,* for defendants.

OSTRANDER, J. The bill of complaint, filed to foreclose a real estate mortgage, sets out, and the answer of defendants admits, the execution, date, amount, and terms of the note and mortgage. There is in the bill an averment of the amount due and unpaid. The answer denies that this sum is unpaid, and asserts that there is unpaid a much smaller sum. And in the cross-bill of defendants it is affirmatively asserted that at the time of filing the bill there was only the smaller sum unpaid, which sum defendants had tendered and had demanded a discharge of the mortgage. At the hearing it was objected to the introduction of evidence of a payment claimed to have been made by defendants that there was lack of affirmative averments of payments in the answer. Like objections are urged in this court. The cause was heard upon the merits, and, at the conclusion of the hearing, counsel for defendants asked permission to amend the answer. The decision was upon the merits. We think the answer, fairly interpreted, avers that the amount of the note and mortgage had been reduced by payments or by a payment, and, while it would have been more correct pleading to set up the facts in detail, it is clear there was and could have been no surprise and no doubt concerning the real issue. There is nothing indicating that the court below would have refused permission to amend if defendants' contention had been sustained.

Defendants claimed that on March 5, 1902, they paid $300 on the mortgage debt. Whether they did this is

the sole question involved. The trial court was not convinced that the payment was made. It is not claimed on the part of appellants that any improper or incompetent testimony was received. It is claimed that it is apparent from the opinion delivered by the court that certain evidence was not rightly valued. Defendant Andrew C. Clark testified that on March 5, 1902, he paid $300 to the wife of complainant at her house in the absence of complainant. She positively denies that such a payment was made to her then or at any other time. Complainant denies that he ever received the money from defendants or from his wife. Defendant has fairly established the fact that he had more than $300, received from a sale of cattle made on the day named to a man named Horne, and he says it was upon his return from the city with the money that he stopped at the house of the complainant; his wife holding the horse while he went into the house and made the payment. He took no receipt, and did not demand to see the indorsement of the payment upon the note or mortgage. With this sharp and irreconcilable conflict of testimony, defendants produced a book containing various entries made by Mrs. Clark, among which are the following: Under date March 5, 1902, is the entry: "Sold 9 head of cattle. Went to L. Lovely day." This in a portion of the volume used as a diary of daily events; each line of the pages being numbered consecutively to correspond with the days of the months. On another page, headed, "Sales Account," is the entry as of March 5, 1902: "Young cattle 9 head, Horne. Weight 8135. Amount $325.40." On still another page, under the heading "Cash Paid Out," is the entry: "March 5, cash paid on mortgage 300." These entries, having been called to the attention of the witness Andrew C. Clark, were read into the record, the only objection made being "the formal objection," and later the book itself was offered and received in evidence without objection. The weight of this evidence is supposed to have been disregarded by the court, the opinion declaring that—

" A diary made by a person must be considered when in court as a self-serving statement of events, and, while it is proper to consider it and give it such weight as it should be given in the determination of questions of fact, yet the court must never lose sight of the fact that it is a self-serving act."

It is to be noted that the book was not used at the hearing as an aid to the recollection of a witness, nor was it claimed or assumed that it was more trustworthy than the present recollection of witnesses. Neither of the defendants professed that they had not exact, independent memory of the narrated facts. Quite the contrary. Mrs. Clark had indeed no knowledge that the money had been paid by her husband, except that she claims he told her he had paid it, and she on the evening of the day in question made the written narrations in the book; nor is the book one of accounts kept in the usual course of a business. It is the settled law in this State that such evidence under such circumstances will not be received. *Weaver* v. *Bromley*, 65 Mich. 212; *Collins* v. *Shaw*, 124 Mich. 474. See 1 Wigmore on Evidence, §§ 734–738. Appellants are therefore not in a position to complain that the court considered the evidence aided by such arguments as were presented by counsel. It would benefit no one to review in this opinion the other evidence. Numerous independent facts calculated to affect belief were proven. The case is one of those in which the manner of the witnesses is likely to aid the court in arriving at a correct conclusion. The record and the briefs of counsel have been carefully examined, with the result that we are unable by any fair analysis of the evidence to reach a conclusion other than the one embodied in the decree.

We are not satisfied that the payment was made, and therefore affirm the decree, with costs to complainant.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.