## CONROY *v.* HAFFNER.

1. Evidence—Books of Account—Banks.
   The books of a private bank showing the ownership of a note, which plaintiff claimed was not owned by the bank but by the payee, who had placed it in the bank for collection, were inadmissible in behalf of the defendant to sustain his contention that the bank had title to the note; defendant being part owner of the bank and having made the entry as cashier. It might not be admitted as a memorandum made by a third party, but was objectionable as hearsay.

2. Same—Best Evidence—Correspondence.
   Although it might be competent to show, on cross-examination of the plaintiff, that he had written or had failed to write to defendant relative to a certain matter, the question was incompetent if it called for the contents of the letter.

3. Bills and Notes—Requests—Payment.
   Where the plaintiff claimed that the payee of a note executed by plaintiff and held by defendant owed him a stated sum on a separate account and plaintiff desired to pay the note, except that amount, which he deposited with the defendant to protect the indorser on the paper, the charge of the court that if no such arrangement was made and the money paid to satisfy the debt, plaintiff could not recover, sufficiently presented the issues to the jury; there was no error in refusing to charge that if the bank purchased the note in due course, plaintiff could not recover.

Error to Shiawassee; Miner, J. Submitted November 18, 1913. (Docket No. 141.) Decided October 2, 1914.

Assumpsit in justice's court by Thomas Conroy against George Haffner for money had and received. From a judgment for defendant, plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

182 Mich.—19.

*Peter B. Lennon* (*Byron P. Hicks*, of counsel), for appellant.

*Willis L. Lyons*, for appellee.

BIRD, J. This case originated in justice's court, and involves a claim of $84. The defendant prevailed in justice's court, but in the circuit court plaintiff was given a judgment for his claim. The circumstances out of which the controversy arose are as follows: Plaintiff Conroy purchased a stallion for $517.50 at his neighbor Hawley's auction sale, and gave his note therefor, due in one year. Plaintiff claims that, when he executed the note, Hawley agreed to leave it at the Corunna or Lennon Bank, and at its maturity he could have a renewal, if he desired. A few days before it was due, the Lennon Bank notified him of the date of maturity. Later he tendered payment, part in cash and the balance in a promissory note, but the note was refused on the ground that Mr. Hawley would not accept it. Defendant Haffner at this time advised plaintiff that Hawley still owned his note, and that he had it for collection. Subsequently plaintiff went to the bank with funds sufficient to pay the note, but explained to defendant that Hawley was indebted to him in the sum of $84, and he wanted to apply the account on the note, but he wanted to avoid making his indorser any trouble. At the suggestion of defendant, the $84 was left with him personally, to be applied on the note, when Hawley's consent should be obtained. The application was never made nor the money returned to plaintiff. The defendant denied that the $84 was left with him personally, and denied that Hawley was the owner of the note, but that the bank bought it soon after it was given, and when due plaintiff paid it. The assignments of error relate to the rejection of evidence and to the charge of the court.

1. The discount register of the bank was offered

in evidence to corroborate the defendant that the bank, and not Hawley, was the owner of the note. Objection was made thereto, and sustained. This is assigned as error. The defendant argues that this testimony was material as bearing upon the ownership of the note. His argument is based upon the theory that the entry was "memoranda made by a third party." We think counsel is in error in assuming that it was memoranda made by *third* parties. The bank was a private one, and defendant was a part owner thereof. He was also cashier. The entry in the bank register was made by himself. In view of these facts, the entry should not be considered as one made by a third party. The rule governing the admission of memoranda made by one of the parties to the litigation should be applied here. Such memoranda is regarded as self-serving and inadmissible. *Weaver* v. *Bromley,* 65 Mich. 212 (31 N. W. 839); *Caldwell* v. *Bowen,* 80 Mich. 382 (45 N. W. 185); *Hodges* v. *Power Co.,* 109 Mich. 547 (67 N. W. 564); *Collins* v. *Shaw,* 124 Mich. 474 (83 N. W. 146); *Stabler* v. *Clark,* 155 Mich. 26 (118 N. W. 605).

2. Plaintiff was asked upon cross-examination:

"Did you ever write to Mr. Haffner here, or have your attorney write to him and ask him about Mr. Hawley's property, whether there was anything around that you could get hold of or not to get this $84?"

The question was objected to because immaterial. The court, however, appears to have excluded it on the ground that it asked for the contents of a writing. The question was objectionable on the latter ground, because it not only inquired as to the fact of his having written a letter concerning the matter, but also asked for the contents of it.

3. The trial court was requested to charge that:

"If the jury finds that Hawley sold the note to the bank in the ordinary course of business, then Conroy

was obliged to pay the amount of the note, $517.50, to the bank, and cannot recover anything in this case."

The charge of the court fairly shows, we think, that this request was covered. After reciting to them the claims of the plaintiff, he instructed them that:

"But if at that time there was no such agreement, and no such understanding, and that the money was given to the defendant for the purpose of paying this note, and the note was delivered to him at that time, then, in that case, the plaintiff could not recover."

In connection with this assignment, defendant complains that his theory of the case was not given to the jury by the court. We are of the opinion that the court fairly stated the claims of the parties to the jury, and gave the law applicable thereto. We have examined the other errors assigned and find no reversible error in them.

The judgment of the trial court is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.