BUILDERS LIME & CEMENT COMPANY, Appellee, v. A. W. WEIMER, Appellant.

**ALTERATION OF INSTRUMENTS:** Bills and Notes—Materiality—
1    "**Or Bearer**" for "**Or Order**"—Effect. The fraudulent substitution in a negotiable promissory note of the words "or bearer" for the words "or order" constitutes a material alteration. (Sec. 3060-a125, Sup. Code, 1913.)

**BILLS AND NOTES:** "Holder in Due Course"—Original
2   Holder. The original payee or bearer of a negotiable promissory note, in possession thereof, is a "holder." (Sec. 3060-a191, Sup. Code, 1913.) It requires one more step or transfer to create a "holder *in due course,*" viz., a transfer by *this* payee or bearer

to one who, when he takes it, has no notice of any infirmity therein. (Sec. 3060-a52, Sup. Code, 1913.) In other words, a "holder *in due course*" is one to whom, *after* completion and delivery, the instrument has been again delivered. To phrase it again, the term "holder in due course" is applicable only to one who takes the instrument by negotiation from another person who is a holder. (See. Sec. 3060-a30, Sup. Code, 1913.)

PRINCIPLE APPLIED: The note in question was: "Six months after date we promise to pay to the order of Mueller Lumber Co. $2,500.00 at Davenport, Iowa, with 6 per cent interest.
(Signed) Concrete Construction Co.

Wm. Weimer,
H. E. Brown,
A. W. Weimer.

The lumber company refused to receive the note. Thereafter, an officer of the Concrete Construction Co., without the knowledge of A. W. Weimer (the defendant), drew a pen line through the words "order of" and after payee's name inserted the words, "or bearer," and delivered the note to the Builders Lime & Cement Co. in part payment of a debt due from the Concrete Company to the Cement Company, said latter company, on receipt of the note, surrendering security held by it and knowing nothing about the fraudulent change. *Held,* the latter holder was not a "holder in due course."

**BILLS AND NOTES:** Negotiation of Note—Liquidation—Reissue by Maker—Position of Last Transferee. One who receives a promissory note *from the maker* in part payment of a debt due from the maker cannot establish that he is a "holder *in due course*" by showing that said note had, prior to the time he received it, been held by other "holders in due course." When the note found its way back into the hands of the maker, such former holdings "in due course" lost their former force and effect, even though the maker did reissue the note.

*Appeal from Scott District Court.*—Hon. M. F. Donegan, Judge.

Thursday, February 18, 1915.

Rehearing Denied Tuesday, May 18, 1915.

This action is on a note in words following:

"$2,500.00. Feb. 1, 1907.
Six months after date we promise to pay to the order of

Mueller Lumber Company or bearer Twenty-five hundred & no-100 Dollars at Iowa National Bank of Davenport, Iowa.

Value received with interest at the rate of 6% per annum.

CONCRETE CONSTRUCTION COMPANY,

By Cecil E. Bryan, President.<br>
Wm. Weimer,<br>
Harry E. Brown,<br>
A. W. Weimer.

No. ——— Due———

(On back) Concrete Const. Co.<br>
By Cecil E. Bryan, Pres.<br>
Cecil E. Bryan,<br>
J. S. Wilbert.

The defendant Weimer, answering, alleged that he signed his name as surety following Wm. Weimer and Brown, to enable the Concrete Construction Company to purchase lumber of the payee to enable it to complete certain contracts; that the payee refused to take the note; and that thereafter the Concrete Construction Company fraudulently obliterated the words "order of" in said note and inserted, after the words "Mueller Lumber Company," the words "or bearer" in said note, and for this reason he is not liable thereon. For reply, plaintiff alleged that said Weimer was a joint maker, denied any alteration and averred, if any there was, it was made by defendants or their agent and was without the knowledge of plaintiff, and the cause was submitted on findings of fact made by the trial court as follows:

1. That the note sued on, plaintiff's Exhibit "A," was signed by the defendant, A. W. Weimer, on the face thereof.

2. That at the time the defendant signed said note it read payable "to the order of Mueller Lumber Company."

3. That after said note had been signed by the defendant, A. W. Weimer, it was left in the possession of the Concrete Construction Co., by being left in the possession of Cecil E. Bryan, President of said Company.

4. That after said note had been signed by the defendant, A. W. Weimer, and left in the possession of said Cecil E. Bryan, the words "order of" were stricken out by being crossed out in ink and the words "or bearer" were inserted on the face of said note immediately after the words "Mueller Lumber Company."

5. That the said change in said note was made by said Cecil E. Bryan and without the knowledge or consent of the said defendant, A. W. Weimer.

6. That after said change had been made in said note it was endorsed on the back thereof as follows:

> "Concrete Const. Co.
> By Cecil E. Bryan, Pres.
> Cecil E. Bryan,
> J. Wilbert."

7. That after said note had been changed and endorsed as set out in findings four and six above, and before maturity, it was delivered to and accepted by the plaintiff, Builders Lime & Cement Co., in part payment of an indebtedness owing to said plaintiff by the Concrete Construction Co., for material furnished.

8. That at the time said note was delivered to and accepted by plaintiff, said plaintiff released and delivered to said Concrete Construction Company an order for $2,000.00, which said company had previously given plaintiff upon the principal contractor of the Hotel Davenport building.

9. That at the time said note was delivered to and accepted by plaintiff, said plaintiff had no knowledge nor information that said note had been changed in any manner after being signed by the defendant, A. W. Weimer, or the other signers on the face thereof.

As conclusions of law, the court found the alteration material, that plaintiff was holder in due course and entitled to enforce payment according to the original tenor of the

note. Judgment was entered accordingly. Defendant A. W. Weimer appeals.—*Reversed.*

*Cook & Balluff,* for appellant.

*J. A. Hanley* and *Lane & Waterman,* for appellee.

LADD, J.—The note, when signed by defendant, Weimer, he being the last to sign, was payable to the order of the Mueller Lumber Company, and thereafter was changed by

1. ALTERATION OF INSTRUMENTS: bills and notes: materiality: "or bearer" for "or order": effect.

erasing "order of" therein and inserting after the name of the payee the words "or bearer." This was done without defendant's consent before its delivery, by Bryan, president of the Concrete Construction Company, the first signer; and the latter, Bryan and Wilbert, endorsed the same and thereafter the note was delivered to the plaintiff for a valuable consideration and accepted without knowledge of the alteration. Any fraudulent alteration which has the effect of changing the negotiability of the instrument altered is material and avoids the instrument. Sec. 3060-a125 Code Sup. Thus the fraudulent addition of the words "or order" or "or bearer" after the name of the payee or the substitution of one of these phrases for the other is material and vitiates the bill or note in which this is done. *Needles v. Shaffer,* 60 Iowa 65; *Croswell v. Labree,* 81 Me. 44, 10 Am. St. 238; *McCauley v. Gordon,* 64 Ga. 221, 37 Am. R. 68; *Walton Plow Co. v. Campbell,* 35 Nebr. 173, 16 L. R. A. 468; *Booth v. Powers,* 56 N. Y. 22; *Haines v. Dennett,* 11 N. H. 180. Contra see *Weaver v. Bromley,* 65 Mich. 212, 31 N. W. 839.

Such is the law with relation to alterations of a promissory note after delivery, and the rule is the same with respect to such alterations before delivery when made by the principal or payee without the consent of the surety or sureties signing accommodation paper, in so far as these affect the rights of sureties. *Bell v. Mahin,* 69 Iowa 408; *Draper v.*

*Wood,* 112 Mass. 315, 17 Am. R. 92; *McGrath v. Clark,* 56 N. Y. 34, 15 Am. R. 372; 2 Daniel on Negotiable Insts., Sec. 1373a.

They may insist on being held only on the strict terms of the contract. But there is not enough in the record before us to warrant the conclusion that Weimer signed as surety. The circumstance that the consideration passed to the Concrete Construction Company did not necessarily render him such or prove that he was so liable. He must then be treated as one of the makers. If, as such, he entrusted the note with a co-maker and the latter altered the instrument before delivery and it has passed into the hands of a holder in due course, the latter takes it freed from the infirmity, on the theory that whenever one of two innocent parties must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it. Manifestly, this doctrine does not apply to the original parties to the instrument, for then in that situation the minds of the parties can never be be said to have met; for the payee or person receiving the instrument has taken it in its altered condition, the terms of which the complaining maker never agreed upon or subscribed to. The controlling issue for our determination then is whether plaintiff is a holder in due course. It did not acquire the note from the payee Mueller Lumber Co. either by endorsement or delivery or from anyone to whom that company had passed the instrument. The findings were that "it was delivered to and accepted by the plaintiff, Builders Lime & Cement Co., in part payment of an indebtedness owing to the plaintiff by the Concrete Construction Co. for material furnished" it, and "at the time said note was delivered to and accepted by plaintiff said plaintiff released to said Concrete Construction Company an order for $2,000 which said company had previously given plaintiff upon the principal contractor of the Hotel Davenport building." Another finding of the court was that after the note had been

2. BILLS AND NOTES: "holder in due course": original holder.

signed by Weimer, ''it was left in the possession of the Con-
crete Construction Co. by being left in the possession of Cecil
E. Bryan, President of said Company.'' These findings are
not questioned, and as the evidence was not abstracted, but
one conclusion was to be inferred therefrom, and that is that
the note, after the alterations and with the endorsements, was
delivered by the first maker, the Concrete Construction Com-
pany, to the plaintiff. The endorsement by it as maker added
nothing to its obligations and, of course, did not change its
relation to the instrument from one of the makers to a holder.
Nor, in view of the delivery of the note by the first maker
to plaintiff, is it to be inferred that Bryan or Wilbert, whose
names appear on the back of the notes, had been holders
thereof; but even if one or both had been, it had come back
to the maker, and giving it to the plaintiff was a re-issue
and the same as though it were delivered for the first time.
*Wilkinson v. Daniels,* 1 G. Greene, 179.

There is no escape from the conclusion that the note first
passed from the Concrete Construction Company, one of the
makers, to plaintiff, and that the latter never was a holder in
due course. A ''holder means the payee or indorsee of a bill
or note, who is in possession of it, or the bearer thereof.''
Sec. 3060-a191, Code Sup. Something more is essential to
constitute him a ''holder in due course.'' The instrument
must have been negotiated by a holder as above defined, in
order to constitute the taker a holder in due course. This is
recognized in Paragraph 4 of Sec. 3060-a52, Code Sup., de-
fining a holder in due course and exacting ''that at the time
it was negotiated to him (holder) he had no notice of any
infirmity in the instrument or defect in the title of the person
negotiating it.''

Sec. 3060-a30 of the Code Supplement declares that: ''An
instrument is negotiated when it is transferred from one per-
son to another in such a manner as to constitute the trans-
feree the holder thereof; if payable to bearer, it is negotiated

by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery.''

The point was settled in *Van der Ploeg v. Van Zuuk,* 135 Iowa 350, where the court, speaking through McClain, J., said: ''The latter term (holder in due course) seems unquestionably to be used to indicate a person to whom after completion and delivery the instrument has been negotiated. In the ordinary case, the payee of the instrument is the person with whom the contract is made, and his rights are not in general dependent on any peculiarities in the law of negotiable instruments. . . . In other words, we think that 'holder in due course' should be construed as applicable only to one who takes the instrument by negotiation from another who is a holder.'' The note had not been delivered when in the hands of the first makers, and the transfer of it to the plaintiff did not constitute the latter a holder in due course. Even if Bryan or Wilbert might at one time

**3. BILLS AND NOTES: negotiation of note: liquidation: re-issue by maker: position of last transferee.** have held the note, the Concrete Lumber Company had again acquired it and plaintiff could be in no better position on a re-issue than were it first delivered to it. The court erred in finding plaintiff a holder in due course and the defendant might interpose any defense open to him as against a party to the instrument. It was not endorsed over by the payee or delivered to plaintiff by it, and plaintiff acquired such title as it had only through the insertion of the word ''bearer,'' to which this defendant had never assented. The instrument sued on he had never signed or agreed to and he was not bound thereby. The district court should have dismissed the petition.—*Reversed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.