WILLIAM YOUNG, Appellee, v. JAMES A. HAYES, Appellant.

BILLS AND NOTES: Transfer by Indorsement—Non-Presumption as to Ownership. The law does not presume that a note payable *to order* belongs to a party, from the naked fact that his name appears on the back thereof as indorsee. Evidence sufficient to show *delivery* to such indorsee is imperatively necessary. (Sec. 3060-a30, Code Supp., 1913.)

*Appeal from Dubuque District Court.*—J .W. KINTZINGER, Judge.

DECEMBER 11, 1917.

REHEARING DENIED MARCH 15, 1918.

ACTION at law on a promissory note for $1,000, dated July 21, 1903, payable to Peter Kiene, and endorsed "without recourse" to the plaintiff. At the close of the testimony, the court directed a verdict for plaintiff for the full amount of said note. Defendant appeals. The facts are fully stated in the opinion.—*Reversed and remanded.*

*E. E. Bowen,* for appellant.

*T. J. Paisley* and *William Graham,* for appellee.

STEVENS, J.—The note sued upon is in the usual form of a negotiable promissory note, made payable to the order of Peter Kiene, and signed by Jas. A. Hayes. Numerous endorsements appear upon the back thereof, from which it ap-

pears that interest was paid thereon at the rate of 6% to July 21, 1909, and thereafter at 5½% to July 20, 1912. It is alleged in plaintiff's petition that he delivered $1,000 to Peter Kiene & Son, Dubuque County, Iowa, to be loaned by the latter for him. Plaintiff testified that, at the time of delivering the $1,000 to Kiene, the latter gave plaintiff a receipt therefor; that interest was regularly paid to him, as above stated, on said $1,000; and that Kiene entered the note in question in plaintiff's book, kept by him; but that he did not receive possession of the note until after the death of Kiene.

The defendant, in answer, admitted the execution to the said Kiene of a note similar in terms and amount to that sued upon, but averred payment thereof, denied that same was ever delivered to plaintiff or that he was the owner thereof; and stated that, if the note in question at any time became the property of plaintiff, it was obtained by or through said Kiene, who was, at the time, acting as the agent of plaintiff, and without knowledge of the defendant; and that payment thereof was made to the said Kiene as agent of the defendant. The original note is claimed by plaintiff to have been attached to a claim filed in the bankruptcy court against the estate of Peter Kiene, and he claimed that he was unable to find or produce the same, but introduced what appears to have been a true copy thereof.

Plaintiff at no time had any conversation with defendant concerning said note until after the death of Kiene, and defendant claims that he had no knowledge whatever that plaintiff was the owner of, or claimed any interest in, said note, until he demanded payment thereof.

Defendant, called as a witness in his own behalf, testified, over the objection of plaintiff, that the note executed by him to Kiene was in payment for railroad stock, of the par value of $1,000; and that, at the time said note was executed, Kiene told him that if, at any time, he became

dissatisfied with the stock, he should return it to him, and he would cancel the note; that some time in 1909, defendant offered to return the stock to Kiene, who agreed to receive same, and in March, 1910, the same was returned to him, but the note was not, at the time, taken up by the defendant; that, at the time the stock was returned, it was understood between defendant and Kiene that same was in full satisfaction and payment of the note. The endorsement upon the note,—which is as follows: "Pay to William Young or order without recourse on me. (Signed) Peter Kiene,"—is not dated, and no evidence was offered by either party to show when the endorsement was placed thereon.

The court admitted the testimony of the transaction between defendant and Kiene over the objections of plaintiff, but reserved ruling thereon until the evidence was closed. Upon motion of plaintiff for that purpose, all of defendant's testimony was stricken from the record, and a motion for a directed verdict in favor of plaintiff sustained, and verdict returned by the jury in accordance with the court's direction.

The ground of plaintiff's objection to the above testimony, upon which same was stricken, was that defendant was incompetent, under Section 4604 of the Code, to testify thereto; and that the claimed payment, if made to an agent of plaintiff's, was not in cash, and the agent is not shown to have had authority to receive payment in anything but cash. It is important in this connection that defendant claims that he purchased the railroad stock of Kiene and gave his note therefor, so that Kiene did not loan to defendant the $1,000 deposited by plaintiff with him to be loaned. The arrangement to return the stock if not satisfactory, upon doing which Kiene agreed to cancel the note, was strictly an arrangement between appellant and Kiene, as a part of the transaction for the purchase of the railroad stock, and had nothing whatever to do, directly or indirectly, with any

transaction of Kiene's as the agent of appellee to loan the $1,000. As to this transaction, there is no evidence that Kiene was the agent of appellee, or that he was not acting wholly for himself.

If Peter Kiene acted as the agent of plaintiff only for the purpose of loaning $1,000, then Kiene was not his agent for the sale of railroad stock, and the note in question, which defendant claims was given therefor, did not, upon the execution and delivery thereof to Kiene, become the property of plaintiff. If plaintiff was, at the time of the trial, the owner of said note, he must have become such by purchase, or some other arrangement between himself and payee. Section 3060-a30 of the Supplement to the Code, 1913, provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder, completed by delivery."

As before stated, the note in question bears the endorsement of the payee to plaintiff; but that is not sufficient, in itself, to transfer title thereto to plaintiff. The negotiation must have been completed by delivery of the note. It is earnestly contended by counsel for appellant that the evidence wholly fails to establish such delivery. Plaintiff testified that he never saw the note and did not know of the endorsement on the back thereof until after Kiene's death, nor do we find any evidence in the record of a transaction between plaintiff and Kiene by which the former purchased or became the owner thereof.

The only transaction shown in evidence between plaintiff and Kiene is the deposit of $1,000 by the former with the latter, to be loaned upon good security, and the payment to plaintiff of interest on said $1,000, for part of the time at 6% and the rest of the time at 5½%. If plaintiff left

$1,000 with Kiene to loan for him upon good security, Kiene's authority was limited to doing that for which plaintiff employed him. There is no evidence tending to show that plaintiff authorized Kiene to sell railroad stock for himself, take a note therefor, and transfer the same to plaintiff, without his knowledge or consent, and compel him to accept the same in satisfaction of said deposit. The $1,000 note was executed to Kiene in payment for railroad stock, and title to the note passed to Kiene, and not to the plaintiff. Plaintiff does not claim to have purchased the note from Kiene; that it was ever the subject of conversation or negotiation between them; that he ever accepted same in payment of said deposit; that he paid $1,000 therefor; that he knew, prior to the death of Kiene, that he owned said note, except as hereinafter stated.

We are unable to determine, from the record before us, whether the note was in the possession of Kiene at the time of his death, or whether same had been transferred to and placed with the private papers of plaintiff, which he testified were in Kiene's safe for safe-keeping. Plaintiff, however, does claim that Kiene entered said note on his book with other loans of plaintiff, and that he paid plaintiff the interest, as above stated. No other evidence of delivery or of the purchase of said note by plaintiff from Kiene appears in the record.

In *Irwin v. Deming*, 142 Iowa 299, the evidence showed that plaintiff purchased the notes there in controversy from one Crocker, who was cashier of a national bank in which plaintiff kept his private papers; that he examined the notes, saw the signatures and the endorsement, paid therefor by check on the bank, and left them with his other papers in his private box, with the authority to Crocker to collect for him. The court said:

"True, the witness does not say, in so many words, that he took the notes in his own hands, or that he with his own

hands placed them in his private box; but such is the natural and reasonable interpretation of his language. But, even if he did no more than examine the instruments as they lay before him upon the bank counter or table, and signify his acceptance of the offer of sale, and then, after paying the price, request the cashier, who was his agent for the purpose of collection, to deposit them in his box, we can conceive of no good reason why that would not be a good delivery. What constitutes delivery is, in a large degree, dependent upon the intent of the parties. The contents of a private box in a bank or safety deposit vault are, in a legal sense, in the actual possession of the owner or lessee of the box, even though he have no authority or control over the building or vault in which it is kept. Nor is his possession any less perfect if, for the convenience of his business, he intrusts a key to the cashier, with authority to remove the papers therein for the purposes of collection. Can there be the slightest doubt that the parties to this transaction intended it as a completed sale and delivery of the notes? They had the subject of the sale before them; they had mutually agreed upon terms; the price was paid and accepted. The notes were there in the power of the appellant, to take them and carry them away if he so desired. Instead of so doing, he either placed them in his private box or left them for Crocker to deposit there. When the notes were placed in the box, there was an actual, visible change of possession, although it was in the power of Crocker to abstract or convert them."

In the above case, it will be observed that plaintiff purchased and paid for particular notes which were passed from the possession of Crocker to plaintiff's private box. In the case at bar, as above stated, there is no evidence that Kiene ever offered the note to plaintiff, either as his agent for the purpose of loaning the money, or as the owner of the note for the purpose of negotiating a sale thereof to

plaintiff; or that plaintiff ever saw or knew anything about the note, except the entry on his book, and the payment of interest to him, as before stated.

To constitute a sale of negotiable paper, if payable to bearer, delivery alone is sufficient; if to order, it must be by endorsement, completed by delivery. *Roy v. Duff,* 170 Iowa 319; *In re Estate of Wearin,* 167 Iowa 535; *Builders Lime & Cement Co. v. Weimer,* 170 Iowa 444; *Irwin v. Deming,* supra.

Plaintiff never saw the note until after Kiene's death, knew nothing of the endorsement thereon of interest payments or to plaintiff, knew only of the existence of the note from what appeared on his book, had no transaction with Kiene except the deposit of $1,000, to be loaned on good security, and the receipt from him of interest. We reach the conclusion that the evidence is insufficient to show delivery of said note to plaintiff, or that he was, at the time of the trial, the owner thereof.

We need not discuss the remaining questions presented upon this appeal, as they may not arise upon a retrial of this case. For the reasons above indicated, the judgment of the lower court is reversed, and cause remanded.—*Reversed and remanded.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.